**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Civil Action No. 05-cv-00943-REB

ALEX ARGUELLO,

    Plaintiff,

v.

JOANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

**ORDER REVERSING IN PART DISABILITY
DECISION AND REMANDING TO COMMISSIONER**

**Blackburn, J.**

    The matter before me is plaintiff's Complaint [#3], filed May 24, 2005, seeking review of the Commissioner's decision denying plaintiff's claim for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. § 401, *et seq.* I have jurisdiction to review the Commissioner's final decision under 42 U.S.C. § 405(g). The matter has been fully briefed, obviating the need for oral argument. I reverse in part and remand to allow the ALJ to determine under an appropriate standard whether plaintiff suffers from deficits in adaptive functioning and fully articulate his reasons for his conclusions in that regard.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

    Plaintiff alleges that he is disabled as a result of arthritis, gout, and mental retardation. After his application for disability insurance benefits was denied initially, plaintiff requested a hearing before an administrative law judge. This hearing was held

on August 16, 2004.  At the time of the hearing, plaintiff was 50 years old.  He graduated from high school in special education courses and has past work experience as an construction worker and grounds caretaker.  Plaintiff has not engaged in substantial gainful activity since October 25, 2003.

The ALJ found that plaintiff was not disabled and therefore not entitled to disability insurance benefits.  Plaintiff's physical impairments were found to be not severe.  Although the medical evidence established that plaintiff suffered from mild mental retardation, the judge concluded that the severity of such impairments did not meet or equal any impairment listed in the social security regulations.  Although finding that plaintiff could not return to his past relevant work, the ALJ determined that he had the residual functional capacity to perform medium, unskilled work and that there were jobs existing in significant numbers in the national economy that he could perform.  The ALJ therefore found plaintiff not disabled at step five of the sequential evaluation.  Plaintiff appealed this decision to the Appeals Council.  The Council affirmed.  Plaintiff then filed this action in federal court.

## II.  STANDARD OF REVIEW

A person is disabled within the meaning of the Social Security Act only if his physical and mental impairments preclude her from performing both her previous work and any other "substantial gainful work which exists in the national economy."  42 U.S.C. § 423(d)(2).  "When a claimant has one or more severe impairments the Social Security [Act] requires the [Commissioner] to consider the combined effects of the impairments in making a disability determination."  **Campbell v. Bowen**, 822 F.2d

1518, 1521 (10th Cir. 1987) (citing 42 U.S.C. § 423(d)(2)(C)).  However, the mere existence of a severe impairment or combination of impairments does not require a finding that an individual is disabled within the meaning of the Social Security Act.  To be disabling, the claimant's condition must be so functionally limiting as to preclude any substantial gainful activity for at least twelve consecutive months.  ***See Kelley v. Chater,*** 62 F.3d 335, 338 (10th Cir. 1995).

The Commissioner has established a five-step sequential evaluation process for determining whether a claimant is disabled:

1. The ALJ must first ascertain whether the claimant is engaged in substantial gainful activity. A claimant who is working is not disabled regardless of the medical findings.

2. The ALJ must then determine whether the claimed impairment is "severe."  A "severe impairment" must significantly limit the claimant's physical or mental ability to do basic work activities.

3. The ALJ must then determine if the impairment meets or equals in severity certain impairments described in Appendix 1 of the regulations.

4. If the claimant's impairment does not meet or equal a listed impairment, the ALJ must determine whether the claimant can perform his past work despite any limitations.

5. If the claimant does not have the residual functional capacity to perform his past work, the ALJ must decide whether the claimant can perform any other gainful and substantial work in the economy.  This determination is made on the basis of the claimant's age, education, work experience, and residual functional capacity.

20 C.F.R. § 404.1520(b)-(f).  ***See also Williams v. Bowen*** 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant has the initial burden of establishing a disability in the first

four steps of this analysis. ***Bowen v. Yuckert***, 482 U.S. 137, 146 n.5, 107 S.Ct. 2287, 2294 n.5, 96 L.Ed.2d 119 (1987). The burden then shifts to the Commissioner to show that the claimant is capable of performing work in the national economy. ***Id.*** A finding that the claimant is disabled or not disabled at any point in the five-step review is conclusive and terminates the analysis. ***Casias v. Secretary of Health & Human Services***, 933 F.2d 799, 801 (10th Cir. 1991).

Review of the Commissioner's disability decision is limited to determining whether the ALJ applied the correct legal standard and whether the decision is supported by substantial evidence. ***Hamilton v. Secretary of Health and Human Services***, 961 F.2d 1495, 1497-98 (10th Cir. 1992); ***Brown v. Sullivan***, 912 F.2d 1194, 1196 (10th Cir. 1990). Substantial evidence is evidence a reasonable mind would accept as adequate to support a conclusion. ***Brown***, 912 F.2d at 1196. It requires more than a scintilla but less than a preponderance of the evidence. ***Hedstrom v. Sullivan***, 783 F.Supp. 553, 556 (D. Colo. 1992). "Evidence is not substantial if it is overwhelmed by other evidence in the record or constitutes mere conclusion." ***Musgrave v. Sullivan***, 966 F.2d 1371, 1374 (10th Cir. 1992). Further, "if the ALJ failed to apply the correct legal test, there is a ground for reversal apart from a lack of substantial evidence." ***Thompson v. Sullivan***, 987 F.2d 1482, 1487 (10th Cir. 1993). Although a reviewing court should meticulously examine the record, it may not reweigh the evidence or substitute its discretion for that of the Commissioner. ***Id.***

### III.  LEGAL ANALYSIS

Plaintiff presents two substantive arguments on appeal: (1) that the ALJ erred at

step three of the sequential evaluation in finding that plaintiff's mental retardation did not met or equaled a listed impairment; and (2) that the ALJ failed to give proper reasons for rejecting the opinion of a consultative psychological examiner. He seeks a directed award of benefits.

Plaintiff first contends that he meets the requirements for presumptive disability under both sections 12.05(B) and 12.05(C) of the listings. Section 12.05 provides, in relevant part,

> 12.05 Mental retardation: Mental retardation refers to significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period; i.e., the evidence demonstrates or supports onset of the impairment before age 22.
>
> The required level of severity for this disorder is met when the requirements in A, B, C, or D are satisfied.
>
> . . . .
>
> B.  A valid verbal, performance, or full scale IQ of 59 or less;
>
> Or
>
> C.  A valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function[.]

20 C.F.R., Pt. 404, Subpt. P, App. 1, § 12.05. To satisfy the listing, the claimant's impairment must meet both the "capsule" definition, i.e., the requirement of "significantly subaverage general intellectual functioning with deficits in adaptive functioning initially manifested during the developmental period," as well as one of the

criteria of at least one subsection.  *Id*., § 12.00(A); *see also Barnes v. Barnhart*, 116 Fed. Appx. 934, 939 (10th Cir. 2004).

It is clear that plaintiff cannot satisfy the requirements of section 12.05(C). Although plaintiff certainly meets the IQ requirement of this section, the ALJ determined that his additional impairments were not severe at step two of the sequential evaluation.  (*See* Tr. at 14.)  The regulations specifically contemplate that an additional impairment that does not meet this standard is insufficient to satisfy subsection C:

> For paragraph C, we will assess the degree of functional
> limitation the additional impairment(s) imposes to determine
> if it significantly limits your physical or mental ability to do
> basic work activities, i.e., is a "severe" impairment(s), as
> defined in §§ 404.1520(c) and 416.920(c). If the additional
> impairment(s) does not cause limitations that are "severe"
> as defined in §§ 404.1520(c) and 416.920(c), we will not find
> that the additional impairment(s) imposes "an additional and
> significant work-related limitation of function," even if you
> are unable to do your past work because of the unique
> features of that work.

20 C.F.R., Pt. 404, Subpt. P., App. 1, § 12.00(A); *see also Barnes*, 116 Fed. Appx. at 936 (citing *Hinkle v. Apfel*, 132 F.3d 1349, 1352-53 (10th Cir. 1997)).  Because plaintiff does not challenge the ALJ's finding of non-severity with respect to his physical impairments, the ALJ's conclusion in this regard precludes plaintiff from being found presumptively disabled under section 12.05(C).

With respect to section 12.05(B), plaintiff's current full-scale IQ score of 58 meets the threshold of that section.  (*see* Tr. at 115.)[1]  However, it is unclear on what

---

[1]  The listings require that the deficits in intellectual functioning alleged to be disabling must have manifested prior to age 22 in order to be presumptively disabling under section 12.05. Although the evidence of plaintiff's intellectual functioning prior to age 22 shows a verbal IQ score of 60, a

6

basis the ALJ concluded that he failed to meet the capsule definition's requirement of "deficits in adaptive functioning initially manifested during the developmental period." The ALJ articulated no substantive findings in this regard, making it impossible for me to properly review his implicit conclusion that plaintiff did not meet this requirement of the listing. I therefore am compelled to remand for further findings on this issue.

Attempting to salvage the decision, the Commissioner points out that the ALJ extensively discussed plaintiff's activities of daily living and prior work history in connection with his determination of plaintiff's residual functional capacity and credibility. (*See* Tr. at 14-16.) She maintains that these findings support the conclusion that plaintiff does not in fact suffer from deficits in adaptive functioning. Although other courts have interpreted the phrase "adaptive functioning" to "refer[] to a person's ability to perform activities of daily living and social functioning, " *see Fischer v. Barnhart*, 129 Fed. Appx. 297, 301 -302 (7th Cir. 2005), the Tenth Circuit has criticized the use of such an "ad hoc" approach, *see Barnes* 116 Fed. Appx. at 940. Instead, the Tenth Circuit has required the Commissioner to measure a claimant's deficits in adaptive functioning by one of the four definitions promulgated by the major professional organizations dealing with mental retardation, standards the Commissioner herself has cited as providing substance to the regulation. *Id*. at 942-43

---

performance IQ score of 75, and a full-scale IQ score of 64 (Tr. at 114), all of which are above the range of section 12.05(B), the ALJ did not expressly rely on this particular discrepancy in the evidence and in fact acknowledged that plaintiff "has always had difficulties with mild mental retardation," (*id*. at 14). Moreover, (continued) because IQ is presumed to be consistent over a person's lifetime, *see Mitchell v. Barnhart*, 2004 WL 1626409 at *4 (D. Kan. July 20, 2004); *Whetstone v. Barnhart*, 263 F.Supp.2d 1318, 1325 (M.D. Ala. 2003), the Commissioner is estopped from arguing that plaintiff has not presented adequate evidence to establish that he meets the IQ requirement of section 12.05(B).

(citing 67 Fed.Reg. 20018-01, 20002 (*available at* 2002 WL 661740 (SSA April 24, 2002)). On remand, the ALJ should measure the evidence against one of these standards and articulate his findings as to whether plaintiff meets those criteria.[2]

On the other hand, the ALJ need not accept the conclusion of plaintiff's consultative psychological examiner that plaintiff suffers from an "adaptive disorder." (*See* Tr. at 116.) This bare, conclusory statement cannot bear the weight plaintiff seeks to place on it. The opinion is unsupported by any objective findings and is inconsistent with other evidence in the record. *See Frey v. Bowen*, 816 F.2d 508, 513 (10th Cir. 1987) (medical opinion may be accorded no weight when it is brief, conclusory, or unsupported by medical evidence). The ALJ therefore did not err in rejecting it.

Accordingly, the Commissioner's decision that plaintiff was not presumptively disabled under section 12.05(B) of the listings is reversed and remanded.[3]

**THEREFORE, IT IS ORDERED** as follows:

(1) That the conclusion of the Commissioner through the Administrative Law Judge that plaintiff was not presumptively disabled under section 12.05(B) of the listings is **REVERSED**; and

(2) That this case is **REMANDED** to the ALJ, who is directed to evaluate whether plaintiff suffers from deficits in adaptive functioning under one of the four definitions

---

[2] Although the ALJ must more clearly articulate his findings, it is not at all clear that plaintiff meets any of the relevant standards for determining the presence of relevant deficits in adaptive functioning. It therefore would be inappropriate to direct an award of benefits in this case. *See Nielson v. Sullivan*, 992 F.2d 1118, 1122 (10th Cir. 1993).

[3] By this decision, I do not find or imply that plaintiff is or should be found to be disabled.

8

promulgated by the major professional organizations dealing with mental retardation to determine whether plaintiff meets the requirements of section 12.05(B) of the listings and to reevaluate the disability determination in light of his findings in that regard.

Dated November 17, 2005, at Denver, Colorado.

BY THE COURT:

s/ Robert E. Blackburn
Robert E. Blackburn
United States District Judge