# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Robert E. Blackburn

Civil Action No. 05-cv-00943-REB

ALEX ARGUELLO,

    Plaintiff,

v.

JOANNE B. BARNHART, Commissioner of Social Security,

    Defendant.

## ORDER GRANTING MOTION FOR AWARD OF ATTORNEY'S FEES

**Blackburn, J.**

The matter before me is plaintiff's **Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412** [#22], filed February 10, 2006. I grant the motion.

Plaintiff seeks attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), which provides, in relevant part:

> a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action. . ., including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A).[1] As interpreted by the Supreme Court, "substantially

---

[1] The parties appear to agree that plaintiff is a prevailing party for purposes of the EAJA. **See Shalala v. Schaefer**, 509 U.S. 292, 302, 113 S.Ct. 2625, 2632, 125 L.Ed.2d 239 (1993) (party who secures remand to Commissioner under sentence four of 42 U.S.C. § 405(g) is a prevailing party).

justified" means "'justified in substance or in the main' – that is, justified to a degree that could satisfy a reasonable person." ***Pierce v. Underwood***, 487 U.S. 552, 565, 108 S.Ct. 2541, 2550, 101 L.Ed.2d 490 (1988). Stated differently, the test is whether there is a "reasonable basis in both law and fact" for the government's position. ***Id***., 108 S.Ct. at 2550; ***Gilbert v. Shalala***, 45 F.3d 1391, 1394 (10th Cir.), ***cert. denied***, 116 S.Ct. 49 (1995). Although the term "'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness," ***Pierce***, 108 S.Ct. at 2550, "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact," ***id***. at 2550 n.2. For this reason, a finding that the government's position was not supported by substantial evidence does not necessarily lead to a finding that the government's position was not substantially justified. ***Hadden v. Bowen***, 851 F.2d 1266, 1268-69 (10th Cir. 1988).

The government bears the burden of demonstrating that its position was substantially justified. ***Gilbert***, 45 F.3d at 1394. I have discretion in determining whether this standard has been met. ***Pierce***, 108 S.Ct. at 2548-49; ***Stephenson v. Shalala***, 846 F.Supp. 49, 50 (D. Kan. 1994). In exercising that discretion, I must consider the case "as an inclusive whole, rather than as atomized line items." ***Commissioner, Immigration and Naturalization Service v. Jean***, 496 U.S. 154, 162, 110 S.Ct. 2316, 2320, 110 L.Ed.2d 134 (1990).

In this case, plaintiff appealed the Commissioner's decision denying disability benefits on the grounds that the ALJ failed to properly evaluate whether his mental

impairment was presumptively disabling under listings 12.05(B) & (C) and failed to state proper reasons for rejecting a consultative examiner's opinion.  I concluded that the ALJ did not err in finding that plaintiff failed to meet the criteria of listing 12.05(C) and in rejecting the consultative examiner's unsubstantiated opinion.  With respect to plaintiff's claim that he met the requirements of listing 12.05(B), I found that the ALJ's basis for his implicit finding that plaintiff did not meet the capsule definition of the listing unclear.  Because it was thus impossible for me to conclude that the ALJ applied the correct standard in this regard, I remanded for the limited purpose of requiring the ALJ to articulate his findings in connection with his determination that plaintiff did not meet the criteria of the listing.

Plaintiff's focus on this single basis warranting remand is too limited.  I am required to consider whether the government's position was justified in the context of the litigation as a whole.  *Jean*, 110 S.Ct. at 2320.  "Being incorrect on one point does not translate into lacking substantial justification for one's litigation position during the entirety of a civil action."  *Jackson v. Chater*, 94 F.3d 274, 279-80 (7th Cir. 1996).  Nevertheless, the Commissioner has failed to carry her burden of demonstrating that her position "during the entirety of the civil action" was substantially justified.  Rather, she too has limited her arguments to the narrow issue on which remand was granted, arguing that the ALJ's discussion of plaintiff's activities of daily living provides a sufficient factual basis for his conclusion that plaintiff failed to meet the listing, despite his failure to state that he was relying on such factors in making that determination.  Apparently, the Commissioner failed to read my remand order, in which I specifically

stated that this *ad hoc* approach has been criticized in this Circuit. (**See** Order Reversing in Part Disability Decision and Remanding to Commissioner at 7-8 [#16], filed November 17, 2005 (citing **Barnes v. Barnhart**, 116 Fed. Appx. 934, 940 (10th Cir. Nov. 26, 2004).)  By regurgitating her prior arguments, rather than attempting to demonstrate that the evidence might meet one of the four definitions of mental retardation the Commissioner herself has found probative, the Commissioner has failed to meet her burden of proof on the issue of substantial justification.  Accordingly, plaintiff is entitled to an award of attorney's fees.

Plaintiff requests attorney's fees in the amount of $5,352.30.  The Commissioner presents no argument suggesting that the hourly rate requested by plaintiff's counsel or the total amount of fees requested are excessive or otherwise unreasonable.  Plaintiff therefore is entitled to the entirety of his requested fees.

**THEREFORE, IT IS ORDERED** as follows:

1. That plaintiff's **Motion for Award of Attorney's Fees Pursuant to Equal Access to Justice Act 28 U.S.C. § 2412** [#22], filed February 10, 2006, is **GRANTED**; and

2. That plaintiff is **AWARDED** $5,352.30 in attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)(1)(A).

Dated March 8, 2006, at Denver, Colorado.

                                      **BY THE COURT:**

                                      **s/ Robert E. Blackburn**
                                      **Robert E. Blackburn**
                                        **United States District Judge**